STATE OF MONTANA EX REL. JOHN C. HARRISON, COUNTY ATTORNEY OF LEWIS AND CLARK COUNTY, MONTANA, RELATOR, v. DISTRICT COURT OF FIRST JUDICIAL DISTRICT OF THE STATE OF MONTANA, IN AND FOR COUNTY OF LEWIS AND CLARK, AND HONORABLE LESTER H. LOBLE, ONE OF THE JUDGES THEREOF, RESPONDENTS.

No. 10050.

Submitted June 9, 1959. Decided June 12, 1959.

On the Merits June 12, 1959.

340 Pac. (2d) 544.

366.

MR. JUSTICES CASTLES and ANGSTMAN dissented in part.

John C. Harrison, County Atty., Helena, pro se.

John C. Harrison, County Atty., Clarence Hanley, Deputy County Atty., Helena, argued orally.

Lester H. Loble, Helena, per se., argued orally for respondents.

PER CURIAM.

Upon reading and filing herein the application of John C. Harrison, relator, together with the exhibits thereto attached for an appropriate writ to be issued by this court to the respondents, the District Court of the First Judicial District of the State of Montana, in and for the County of Lewis and Clark and the Honorable Lester H. Loble, one of the judges thereof, on the ground therein stated that the Honorable Lester H. Loble abused his discretion in making and entering an order dated May 11, 1959, which denied permission to file informations in certain criminal matters and which was filed in the office of the clerk of said district court under file No. 3135; and it appearing from said application and exhibits thereto attached and the oral arguments of counsel this date presented to this court that the said application is meritorious and that the writ therein prayed for should be issued;

Now Therefore It Is Hereby Ordered that a writ issue out of and under the seal of this court addressed to the respondents, the District Court of the First Judicial District of the State of Montana, in and for the County of Lewis and Clark, and the Honorable Lester H. Loble, one of the judges thereof, commanding said respondents to certify and return to this court in its chamber in the State Capitol Building in the City of Helena,

Montana, on the 9th day of June 1959, at 10:30 a.m., a full and complete transcript of the records and proceedings taken in Cause No. 3135, and then and there to show cause, if any there may be, why the order of the Honorable Lester H. Loble, dated May 11, 1959, should not be vacated, annulled and set aside.

It Is Further Ordered that a copy of said application together with the exhibits thereto attached be served upon the clerk of the respondent district court and upon the Honorable Lester H. Loble, one of the district judges presiding in said respondent district court of the First Judicial District, in and for the County of Lewis and Clark, together with a copy of the alternative writ this day issued by this court.

It Is Further Ordered that such alternative writ may be served by either the sheriff, the undersheriff, any deputy sheriff of Lewis and Clark County, Montana, or by any disinterested citizen of the State of Montana over the age of twenty-one years.

MR. JUSTICE ANGSTMAN thinks the alternative writ should be denied without prejudice to the right of the county attorney to present a new application before the District Court.

MR. JUSTICE CASTLES believes the application should be denied.

## WRIT

The State of Montana, To the District Court of the First Judicial District of the State of Montana, in and for the County of Lewis and Clark, and to the Honorable Lester H. Loble, One of the Judges Thereof; Greetings:

Whereas, it manifestly appears to us by the application of John C. Harrison, relator, supported by exhibits and the argument of counsel, that you, the Honorable Lester H. Loble, exercising your judicial functions have abused your judicial discretion in making and entering an order dated May 11, 1959, which denied permission to file informations in certain criminal matters and which was filed in the office of the clerk of said district court under file No. 3135, and that the said relator has no speedy, plain or adequate remedy other than this court tak-

ing original jurisdiction for the purpose of reviewing said pro-ceedings heretofore had in said district court;

Now Therefore, being willing that the laws and customs of our state should be observed, we do command that you certify and return to this court at the courtroom thereof in the State Capitol Building in the City of Helena, Lewis and Clark County, State of Montana, on the 9th day of June 1959, at 10:30 a.m., of said day, all of the records and proceedings had in said Cause No. 3135, so that the same may be reviewed by this court, and that we may further cause to be done thereupon what it may appear of right ought to be done; or in the alternative to show cause why you should not do so, and have you then and there this writ together with your return thereon.

Witness, the Honorable, the Supreme Court of the State of Montana, with the seal of this court affixed.

## On the Merits

MR. JUSTICE CASTLES:

This is an original proceeding whereby the relator, the county attorney of Lewis and Clark County, seeks a writ to have this court direct the district court to permit the filing of two informations charging felonies against two named defendants.

The county attorney had presented to the district court two unsigned applications for leave to file informations against two defendants, in chambers in a most informal manner. The district judge asked for further evidence of probable cause and was furnished statements of police officers, the defendants, and the complainant. Prior to this, complaints had been filed in justice court, warrants issued, arrests made, and arraignment had with bail set. The defendants asked for preliminary hearings in justice court. Before such hearings were had, the county attorney attempted to file informations direct in district court as related above.

After the most informal and inadequate start referred to above, the district judge set the stage for the original proceedings herein by ordering the filing of the unsigned applications.

with copies of the proposed informations, and then proceeded to make detailed findings of fact and conclusions of law which, in effect, amounted to a judgment declaring the evdience, presented in the informal and irregular proceedings, to be insufficient to support the filing of informations.

Without going into great detail, we note that the entire proceedings, from their inception by the county attorney, were most irregular.

Upon application of the county attorney, we granted an alternative writ requiring the district court and its judge, to appear with the court records or show cause why he did not do so.

Upon the return day of the alternative writ, the district court by its judge, the Honorable Lester H. Loble, appeared by motion to quash, and without waiver of the motion, filed an answer to the petition for the alternative writ. On the day prior to the return day, the district judge filed an order in the causes in district court which order was *nunc pro tunc,* and which order purported to correct and change the prior order by adding the words *"without prejudice"* as follows:

"It is ordered and adjudged that leave to file the information is denied, *without prejudice."*

By this *nunc pro tunc* order, the district judge clearly indicated that a new start with formally correct signed application for leave to file informations might be made by the county attorney.

Upon oral argument, the county attorney, admitted that this purported to cure the previous order complained of, but didn't remove from the records of the court the pretended findings of fact and conclusions of law and order.

It appeared during oral argument that a series of acquittals and dismissals had occurred in the district court, which had provoked the district judge to require a further showing than customary before he would allow the filing of felony informations. That he is concerned for costs to taxpayers of unwarranted and poorly prepared jury trials, as well as concerned for the rights of defendants, is understandable and laudable.

But, nevertheless, a certain formality of proceedings is required by our laws.

We saw now that the entire proceedings are, to our knowledge, irregular to such an extent that we are called upon to review what should ordinarily be routine matters before the district court.

R.C.M. 1947, section 94-4911, states: "The court by an order may grant such leave, or may require an examination before a magistrate, or may, upon affidavits filed by any person, order the county attorney to file an information against the persons charged with a public offense."

Magistrate is defined by section 94-4905 and includes a district judge or a justice of the peace.

Under section 94-4911, the court may: (1) Grant leave, or (2) require examination. The latter presupposes the right on the examination to grant or deny the application. Nowhere is any provision made for findings of fact and conclusions of law. The section obviously contemplates a requirement of sufficient evidence to move the court's discretion. But, it does not contemplate an unlimited discretion or a finality of decision that discharges or excuses a defendant from any further proceedings.

The district judge obviously acknowledged this in making his *nunc pro tunc* order adding the words "without prejudice." But, he never did do formally what the statute directs. He did not grant leave. He did not direct an examination before any magistrate. Apparently the judge felt that his request for the statements of witnesses, and the furnishing thereof amounted to an examination as required by the statute. A complete misunderstanding seems to have occurred between the district judge, the county attorney, and his deputy. At any rate, no examination was directed by the district judge, whether or not one was requested and regardless of whether he had anything properly before him to act upon. He assumed to act and should have directed an examination before himself as a magistrate or some other magistrate. The judge, in his findings and conclusions,

suggested that a preliminary hearing be held. He might better have ordered it held without proceeding to finally determine the merits of the application.

The amendment *nunc pro tunc* removes the necessity for this court to rule on whether or not the county attorney could further proceed. Both sides acknowledged, during oral argument, that such was the case. Therefore, the alternative writ previously issued is dismissed.

However, a majority of this court feels that in order that justice be done to correct a faulty proceeding, void from its inception, we should further order, and we do order, that the so-called findings of fact and conclusions of law be expunged from the record.

For the foregoing reasons, the cause is dismissed with directions as previously stated.

MR. CHIEF JUSTICE HARRISON, and MR. JUSTICES BOTTOMLY and ADAIR, concur.

Additionally, however, the writer and MR. JUSTICE ANGSTMAN feel that the expurgation of the findings of fact and conclusions of law is not necessary or proper. Such findings, at best, would be *functus officio*, and of no avail in later proceedings. Further, a district judge is within his rights to express his reasons for his actions if he so desires, and that is the effect of his findings and order as corrected.

MR. JUSTICE ANGSTMAN: (dissenting in part).

I concur in the result but not with all that is said in the foregoing opinion. I do not agree that the proceedings complained of were void from their inception or that the findings of fact and conclusions of law should be ordered expunged from the records.

I think a district judge is within his rights in expressing the reasons for his actions and that is the effect of his findings. Furthermore if and when a further application be made pursuant to the order of the trial judge declaring that his ruling

is without prejudice, then the findings complained of become *functus officio* in later proceedings.