216

THE STATE OF MONTANA EX.REL. MICHAEL G. McLATCHY, DEPUTY COUNTY ATTORNEY IN AND FOR THE COUNTY OF MISSOULA, RELATOR, v. THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT ET AL., RESPONDENTS.

No. 10847
Decided September 18, 1964.
395 P.2d 245

Michael G. McLatchy (argued), Missoula, Harold J. Pinsoneault, Missoula, for relator.

J. C. Garlington (argued), Missoula, for respondents.

PER CURIAM.

This is an original proceeding wherein the relator, the deputy county attorney of Missoula County, sought an appropriate writ to require the respondent district court to permit the filing of an information charging assault in the second degree against a named defendant, or order a preliminary hearing in the matter. An alternative writ was issued and respondent court appeared and moved for discharge of the writ, submitting a transcript of the proceedings had in the district court and further by way of return and answer contended that sufficient facts were not presented to move the discretion of the court to grant leave to file the information.

From the transcript it appears that on July 15, 1964, relator filed an application for leave to file information and it was presented to the court. At that time there was present the named defendant and his counsel. It appears that the State had not endorsed upon the proposed information the names of the witnesses and it was stated that defendant's counsel desired to make a motion after the presentation by the State of a showing of probable cause and if such motion were denied defendant's counsel would waive the endorsement of witnesses and they could be endorsed at a later time. The court advised it would permit such procedure conditioned that defendant's counsel be advised for the record who the witnesses were to be, and the names of the witnesses were then stated by the relator. Following the statement of probable cause by the relator this colloquy occurred:

"THE COURT: These people actually saw the fight?

"MR. McLATCHY: Yes, sir. I named—

"THE COURT: There's no question then that the fight occurred. There may be a defense by way of provocation

There may be a number of legal defenses and so on and so forth; but those are matters that would be brought out by the Defendant I take it in defense if the case goes that far, is that right?

"MR. McLATCHY: Yes, Your Honor.

"THE COURT: Does that make sense to you, Mr. Keast?

"MR. KEAST: Yes, Your Honor.

"THE COURT: All right, fine. Well, it would appear that probable cause exists. However, before the Court rules, since counsel for the Defendant has been given notice of your motion, will you make your motion, Mr. Keast?"

Counsel for the defendant then moved that before the court grant the motion to file the information that a preliminary hearing be had. During such discussion the transcript discloses the following:

"MR. KEAST: Now, in the instant case, we have a situation where the County Attorney, by law and under duty and according to his own investigation, there is probable cause, and accordingly he has completed his performance of his duty by submitting his application, his motion, and his verbal evidence in support of the probable cause.

"But on the contrary, we have a situation where a man is on a fellowship, or under a grant, by the Federal Government to do research work; and he has a masters degree.

"THE COURT: That's the Defendant here, Benson?

"MR. KEAST: Yes, and he is going for his doctorate. Now, it is true that he should be treated no different from a person off of skid row or a person from any part of our segmented society. But, if it comes to pass that the Court find, as well as the jury, that the Information if it is filed should be subordinated to a rule of the Court in granting a directed verdict or dismissal or if the jury find that there is lack of evidence to substantiate a plea on the part of the prosecutor for guilty as charged, then the person has been injured to the point where it is, may be, classified as irreparable.

"Whereas, if we proceed by the preliminary hearing state, the State has nothing to lose and everything to gain; because their case is no stronger after preliminary hearing or during the process of a preliminary hearing than it is during the subordination of the probable cause to the Court pursuant to Statute and has been completed by Mr. McLatchy.

"So, therefore, I would highly recommend that the Court would consider Mr. McLatchy's motion for filing of the motion and consider my motion for preliminary hearing before it grants or denies Mr. McLatchy's motion."

Later, during the discussions respecting exchange students, the record discloses that the district judge asked:

"Now, let me ask the next question: Are we in an international hassel in this thing?

"MR. KEAST: I don't believe so. I think it's a legitimate charge. I think Mr. McLatchy has legitimate evidence, legitimate complaints; and I feel Mr. Benson has legitimate defenses; and I feel that it is a matter that should be and is entitled to be determined under the rules of evidence and the rules of law of our State. I don't feel that—I just feel that it was, may be, a per-chance or by coincidence that we have a situation where the County Attorney must rely upon exchange students.

"Now, maybe Mr. McLatchy would take issue with me; but I feel his charge is legit from what he told me. I feel Mr. Benson's defense was legit. That's the reason that I humbly and in good faith moved for preliminary hearing, because the Court may feel that I am partly right or all wrong or Mr. McLatchy is partly right or entirely right. This was the essence of my motion for preliminary hearing."

The court thereafter advised counsel as follows:

"This is the first time so far as I know in any matter where I have sat that a request of preliminary hearing as a discretionary matter with the District Court has been raised upon a motion for leave to file an Information direct.

"I am inclined to believe that it would be wise under these circumstances, but I think it would be proper that the counsel for the Defendant would be required to place before the Court a brief on this matter which he would necessarily use upon an appellant phase of the case if it goes that far anyhow. It can be done in summary form, but it should be laid before the court; and I would continue the matter for a time sufficient to allow the providing of that brief."

The court continued the matter until the following Monday and announced the application would be taken under advisement and decision would be made on that Monday. On Monday, July 20, 1964, the matter was again before the court, counsel for the State and defendant and the defendant personally being present. The application for leave to file information was renewed by the State, the information was presented and the witnesses' names still had not been endorsed and inquiry was made by the State of defendant's counsel if the stipulation waiving endorsement was still applicable and defendant's counsel advised that it was. Argument was again presented upon the motion of the defendant that a preliminary examination be had. The court then ruled that the endorsement of witnesses could not be waived by the defendant and therefore that the proposed information was not in statutory form. The district court minutes, over the signature of the district judge, recites:

"7/20/64 Prel. Hear. premature. No juris. Information incomplete. Leave to file Application denied—waiver refused (Const.) Action dismissed on order of the Court. File closed to all pub. info. media. E. G.

/s/ EMMET GLORE"

On July 27, 1964, relator filed another application for leave to file information and filed therewith his affidavit and six affidavits of witnesses and a copy of the complaint report of the Missoula Police Department.

The matter was presented to the court on August 5, 1964,

and was taken under advisement until Friday, August 7, but continued on August 6 to August 10. On August 10, 1964, the following minute entry appears in the district court journal:

"On Application for Leave to File Information charging second degree assault, leave having been already denied and on the affidavits now filed in support thereof, which affidavits fail to reflect probable cause within the purview of R.C.M. 1947, § 94-602;

"IT IS ORDERED: Application denied and dismissed this date. Done August 10, 1964."

The record thus discloses that the court in the first instance stated that it appeared probable cause existed but denied the application because the information was incomplete and the court reversed its position upon the stipulation between counsel in the presence of the defendant and the court that the witnesses could be added and refused to permit such waiver. When the second application was made, the information was in proper form, supplementary proof as to probable cause in the form of affidavits of the deputy county attorney and six witnesses, and a copy of the complaint report of the police department were submitted and the court denied the application because probable cause was not shown.

Much that appears in our opinion in State ex rel. Harrison v. District Court, 135 Mont. 365, 340 P.2d 544, is applicable here. In that case the county attorney informally presented to the district judge unsigned applications for leave to file informations and the district judge then requested further evidence of probable cause, which was furnished. Thereafter the district judge made findings and conclusions which, in effect, amounted to a judgment declaring the evidence insufficient to support the filing of the informations. We stated with reference to section 94-4911, R.C.M.1947, that "the court may: (1) Grant leave, or (2) require examination. The latter presupposes the right on the examination to grant or deny the application. * * * The section obviously contemplates a re-

quirement of sufficient evidence to move the court's discretion. But, it does not contemplate an unlimited discretion or a finality of decision that discharges or excuses a defendant from any further proceedings."

It would seem that the confusion in this matter resulted from the lengthy arguments of counsel concerning the request for a preliminary hearing wherein the objective of the argument was lost in a plethora of words. Counsel for the State can have little complaint of the first ruling of the court and while the court did accede to the stipulation when made, on second thought the court believed that it should not permit the filing of a defective information; particularly, in view of the fact that five days elapsed between the original hearing and the date to which it was continued, and the information could have been in statutory form with the witnesses endorsed at that time.

However, when the second application was presented to the court on July 27 the information was in proper form and supplementary proof as to probable cause was submitted and the court then in its order of denial ruled that probable cause was not reflected within the purview of section 94-602, R.C.M.1947, which defines the crime sought to be charged. In our opinion this was an abuse of discretion. The court, on the first presentation of the matter as hereinbefore recited, had commented that it would appear that probable cause existed and that the defendant might have a number of legal defenses but that those would be matters to be brought out by the defense. Even defense counsel did not question the existence of probable cause, in fact admitted it existed. This was a correct view, and in our opinion there was nothing thereafter presented at the continued hearing or upon the second application which would or should have altered this conclusion and for that reason the court should have permitted the filing of the information on the second application.

Since it is apparent the court did not at any stage of the

proceedings order a preliminary hearing and in our view none was either required or necessary, we order the writ requested to issue forthwith directing the application to file information be granted. The motion to discharge the alternative writ is denied.

It is so ordered.